UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

---

ZUFFA, LLC d/b/a Ultimate Fighting Championship,

           Plaintiff,

-against-

DANA SHAY TANNER and MIRA SCHOENROCK, Individually, and as officers, directors, shareholders and/or principals of BROOXTON CORP d/b/a SQUIRE COCKTAILS,

and

BROOXTON CORP d/b/a SQUIRE COCKTAILS,

           Defendants.

---

**COMPLAINT**
Civil Action No.

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship (hereinafter "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of the Defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violation of Copyright laws, copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28

U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, a substantial part of the events or omissions giving rise to the claim occurred within Orange County, which is within the Central District of California (28 U.S.C. § 1391(b) and 28 U.S.C. §84(c)(3)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or had independently transacted business in the State of California and certain activities of Defendants giving rise to this action took place in the State of California; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, took place within the State of California. Moreover, upon information and belief, Defendants have their principal place of business within the State of California; thus, this Court has personal jurisdiction over Defendants.

5. The amount in controversy is above $75,000.00 and the Cause of Action arises out of 17 U.S.C. §501(a) and (b), giving this court Federal Question Jurisdiction.

## THE PARTIES

6. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 6650 S. Torrey Pines Drive, Las Vegas, Nevada 89118 and duly registered to do business in the State of California.

7. Plaintiff is the owner of the UFC 270 - Ngannou vs Gane Event scheduled for January 22, 2022, which originated via encrypted satellite, cable and IPTV (streaming)

signal. Said Program originated via satellite uplink and was subsequently re-transmitted via encrypted satellite, cable and IPTV/ streaming signal (hereinafter referred to as the "Program").

8. Upon information and belief the Defendant, DANA SHAY TANNER, resides at 6267 E Monita St., Long Beach, CA 90803.

9. Upon information and belief the Defendant, MIRA SCHOENROCK, resides at 30248 N 115th Dr., Peoria, AZ 85383.

10. Upon information and belief the Defendants, DANA SHAY TANNER and MIRA SCHOENROCK were the officers, directors, shareholders, and/or principals of BROOXTON CORP d/b/a SQUIRE COCKTAILS located at 714 W. Whittier Blvd., La Habra, CA 90631.

11. Upon information and belief the Defendants, DANA SHAY TANNER and MIRA SCHOENROCK, were the individuals with supervisory capacity and control over the activities occurring within the establishment known as BROOXTON CORP d/b/a SQUIRE COCKTAILS, located at 714 W. Whittier Blvd., La Habra, CA 90631.

12. Upon information and belief the Defendants, DANA SHAY TANNER and MIRA SCHOENROCK, received a financial benefit from the operations of BROOXTON CORP d/b/a SQUIRE COCKTAILS, on January 22, 2022.

13. Upon information and belief the Defendants, DANA SHAY TANNER and MIRA SCHOENROCK, were the individuals with close control over the internal operating procedures and employment practices of BROOXTON CORP d/b/a SQUIRE COCKTAILS, on January 22, 2022.

14. Upon information and belief the Defendant, BROOXTON CORP is a limited liability company licensed to do business in the State of California and was doing business as SQUIRE COCKTAILS.

15. Upon information and belief, the Defendant, BROOXTON CORP d/b/a SQUIRE COCKTAILS, is located at 714 W. Whittier Blvd., La Habra, CA 90631, and had a capacity for 50-75 people on January 22, 2022.

16. Upon information and belief, the Defendant, BROOXTON CORP d/b/a SQUIRE COCKTAILS, is a business entity, having its principal place of business at 714 W. Whittier Blvd., La Habra, CA 90631.

17. Upon information and belief, Defendants, *jointly and severally*, received a commercial benefit by not paying the commercial licensing fee to the Plaintiff for the Broadcast and obtaining same through alternative means.

## COUNT I

18. Plaintiff hereby incorporates paragraphs "1" through "17" as though fully set forth herein.

19. Plaintiff, by contract, is the copyright owner of the exclusive rights of distribution and public performance as to commercial establishments to the broadcast, including all undercard matches and the entire television Broadcast for UFC 270 - Ngannou vs Gane Event scheduled for January 22, 2022, via closed circuit television and via encrypted satellite signal.

20. The Certificate of Registration was filed with the U.S. Copyright Office on February 16, 2022 under Registration Number PA 2-336-576. The Broadcast originated

via encrypted satellite, cable and IPTV (streaming) signal. Said Program originated via satellite uplink and was subsequently re-transmitted via encrypted satellite, cable and IPTV/ streaming signal

21. As the copyright holder of the rights to the UFC 270 - Ngannou vs Gane Event, Plaintiff has rights to the Broadcast, including the right of performance as well as the licensing to commercial establishments for the right to exhibit same.

22. As the copyright holder of the rights to the UFC 270 - Ngannou vs Gane Even, Plaintiff has rights to the Broadcast, including the right of distribution as well as the licensing to commercial establishments for the right to exhibit same.

23. Defendants never obtained the proper authority or license from Plaintiff, to publicly exhibit the UFC 270 - Ngannou vs Gane Event scheduled for January 22, 2022 and was identified by Plaintiff advertising and exhibiting the Program to a packed establishment.

24. Upon information and belief, with full knowledge that the UFC 270 - Ngannou vs Gane Event Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, Defendants and/or their agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in her commercial establishment on January 22, 2022.

25. Specifically, upon information and belief, the Defendants and/or their agents, servants, workmen and employees unlawfully publicly performed the UFC 270 - Ngannou vs Gane Event Broadcast, without paying the appropriate licensing fee to Plaintiff.

26. Plaintiff obtained proof, including video documentation from verifying the Copyrighted event being publicly performed within BROOXTON CORP d/b/a SQUIRE COCKTAILS, 714 W. Whittier Blvd., La Habra, CA 90631.

27. Upon information and belief, Plaintiff believes that this conduct was willful through the blatant disregard for the statute and deliberate attempt to deny Plaintiff the licensing fee.

28. By reason of the aforementioned conduct, the Defendants willfully violated 17 U.S.C. §501(a).

29. By reason of the aforementioned Defendants' violation of 17 U.S.C. §501(a), Plaintiff has a private right of action pursuant to 17 U.S.C. §501 (b).

30. As a result of Defendants' willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

31. Plaintiff is further entitled to its attorney's fees and costs pursuant to 17 U.S.C. §505.

**WHEREFORE**, the Plaintiff requests that judgment be entered in its favor and against the Defendants, *jointly and severally,* granting to Plaintiff the following:

(a)  Statutory penalties in an amount, in the discretion of this Court, against Defendants, *jointly and severally*, of up $30,000.00 pursuant to §504(c)(1) and

(b)  enhanced damages in the amount of $150,000.00 pursuant to §504(c)(2)

for their willful violation of 17 U.S.C. §501(a); and

(c) Attorney's fees, interest, costs of suit as to the Defendants pursuant to 17 U.S.C. §505, together with such other and further relief as this Court may deem just and proper.

DATED: <u>December 18</u> 2023

**ZUFFA, LLC d/b/a Ultimate Fighting Championship,**

/s/:_____

Attorney for Plaintiff
HM Legal Group
212 S. Palm Avenue, Suite 200
Alhambra, CA 91801
Phone: (818) 660-5088
Email: HM@hmlegalgroup.com
Legal@signallaw.com
*Our File No. ZU22-02CA-01*