UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUFFA, LLC d/b/a Ultimate Fighting Championship,<br><br>            Plaintiff,<br><br>v.<br><br>DANA SHAY TANNER, et al.<br><br>            Defendants. | Case No. 8:24-cv-00041-HDV (ADSx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DKT. NO. 18]** |

## I. INTRODUCTION

This action concerns the alleged unlicensed broadcast of the United Fighting Championship ("UFC") 270 event at a bar owned and operated by Defendants. Plaintiff Zuffa LLC[1], the broadcast rightsholder for the UFC, alleges that Defendants Dana Shay Tanner and Mira Schoenrock, owners of Squire Cocktails[2], illegally broadcast the fight on January 22, 2022 in violation of its registered copyright. Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, which asserts that Plaintiff has not pled its claims with sufficient specificity. For the reasons discussed below, the Court denies the Motion in its entirety.

## II. BACKGROUND[3]

Plaintiff Zuffa is publicly known as the UFC and broadcasts the fights that it organizes. *See* Complaint [Dkt. No. 1]. On January 22, 2022, Zuffa aired the broadcast for UFC 270, the Ngannou vs. Gane Event. *Id.* ¶ 7. On February 16, 2022, Zuffa filed a Certificate of Registration with the U.S. Copyright Office under Registration Number PA 2-336-576, for the broadcast of UFC 270. *Id.* ¶¶ 19–20. As the copyright holder, Plaintiff holds the rights to the broadcast, which includes the right of performance, right of distribution, and the licensing rights to allow commercial establishments to perform these activities. *Id.* ¶¶ 21–22.

Defendants are alleged to have broadcast the UFC 270 event to their patrons at Squire Cocktails. *Id.* ¶¶ 23–24. Defendant owners had supervisory authority and control over the activities occurring within the bar. *Id.* ¶ 11. Plaintiff obtained video documentation that verifies the broadcast for UFC 270 being shown at Squire Cocktails. *Id.* ¶ 26. Defendants allegedly never obtained a proper license from Plaintiff to broadcast UFC 270. *Id.* ¶ 23.

On January 08, 2024, Plaintiff filed suit against Defendants for willful violation of the federal copyright law, 17 U.S.C. §501(a), and is seeking damages for the violation. *Id.* ¶¶ 29–30. On March

---

[1] d/b/a Ultimate Fighting Championship ("UFC").

[2] d/b/a Brooxton Corp., also listed as a defendant.

[3] For purposes of this Motion, the Court takes Plaintiff's factual allegations in the Complaint as true.

22, 2024, Defendants filed this motion to dismiss Plaintiff's complaint ("Motion") [Dkt. No. 18].[4] Defendants (proceeding pro se) contend that Plaintiff has not adequately pled its claims for copyright infringement.  *See* Motion at 4–7.

### III.   LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Only where a plaintiff fails to "nudge[] [their] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed.  *Id*. at 680.

While the plausibility requirement is not a probability assessment, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id*. at 678.  The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

### IV.   DISCUSSION

Defendants' Motion asserts that Zuffa's claims should be dismissed because they rely on conclusory statements for the copyright infringement claim.  Motion at 4–7.  Defendants also contend that the Complaint fails to establish Defendants' willfulness in committing infringement. *Id.*

As the Court pointed out at oral argument, Defendants' arguments are premature, as they deal with the weight of factual assertions and not their legal sufficiency.  At this pleading stage, the Court employs a ***plausibility*** standard – for a motion to dismiss under Rule 12(b)(6), all factual allegations

---

[4] Plaintiff filed its Opposition ("Opp.") on April 04, 2024 [Dkt. No. 20], and Defendants filed their Reply on May 02, 2024 [Dkt. No. 21].  The Court held oral argument on the Motion on May 16, 2024, and took the matter under submission [Dkt. No. 23].

are generally accepted as true and viewed in the light most favorable to the non-moving party. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

To plead a claim of copyright infringement, a plaintiff must plausibly allege (1) that they own a valid copyright in the infringed work and (2) that the defendant copied protected elements of plaintiff's work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff's Complaint meets that standard here. Plaintiff has sufficiently and plausibly pled that Plaintiff owns the broadcast for UFC 270 Ngannou vs Gane Event that aired on January 22, 2022, and that Defendants infringed upon Plaintiff's copyright to this event by playing the broadcast in their public bar. Complaint ¶¶ 19–20, 23–24. Plaintiff even goes as far as pointing to factual support for its assertions—something it is not required to do at this stage of the litigation—alleging that it obtained video documentation that corroborates that the broadcast was shown at Squire Cocktails. *Id.* ¶ 26.

A copyright must generally be registered to be eligible for protection under Section 411 of the Copyright Act. 17 U.S.C. § 411. A copyright owner enjoys the exclusive right to publicly display the copyrighted work and distribute it by sale or other transfer of ownership, like licensing. *Id.* § 106(3), (5). Violation of these rights of the owner constitutes infringement. *Id.* § 501(a).

Here, Plaintiff pled specific details that plausibly allege ownership and subsequent infringement by Defendant. Plaintiff provides the unique Registration Number PA 2-336-576 that was filed on February 16, 2022 for the broadcast for the UFC 270 event. Complaint ¶¶ 19–20. Plaintiff identified that UFC 270 was broadcasted on January 22, 2022, in the Squire Cocktail bar, by Defendants and/or their employees. *Id.* ¶ 23–24. Defendants, as owners, have supervisory control over the activities hosted at the bar. *Id.* ¶ 11. Plaintiff has also properly alleged that, without a proper license, Defendants have infringed upon Plaintiff's exclusive rights to distribute and publicly display the UFC 270 broadcast.

In short, Plaintiff's pleading plainly asserts the:

1. who (Defendants);
2. what (broadcasting of UFC 270 fighting event without a proper license);
3. when (January 22, 2022); and

    4.   where/how (broadcasting to Squire Cocktail bar patrons at a specified address without first receiving a license from the UFC, which had a registered copyright for that specific event).

To be clear: The Court is **not** making a finding in this Order that there has been infringement; it is only finding that copyright infringement has been sufficiently **alleged** for purposes of allowing the claim to continue.[5]

## V. CONCLUSION

Defendants' Motion is therefore **denied**.

## VI. NOTE ON RESOURCES FOR *PRO SE* LITIGANTS

Although Defendants are proceeding *pro se*, *i.e.*, without legal representation, such parties are nonetheless required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants, *i.e.*, parties who are not represented by a lawyer. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel (a legal services nonprofit) runs a free and <u>independent</u> Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located

---

[5] Defendants also argues that Zuffa fails to properly allege willful copyright infringement by Defendants. Motion at 5–6. Copyright infringement claims do not contain a willfulness element for pleading purposes. Whether Defendant's acted with willfulness is a question of fact relevant to the remedies available for copyright infringement under Section 504 (c) (2) of the Copyright Act, but not a copyright infringement claim itself.

at https://publiccounsel.org/services/federal-court/.

- The LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

Dated:  June 11, 2024

                                              Hernán D. Vera
                                 United States District Judge